

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
Attorney General

January 28, 1939

Hon. R. L. Daniel
Chairman of Board of Insurance Commissioners
Austin, Texas

Dear Sir:

> Opinion No.  O-101
> Re: Examination of unlicensed in-
> surance organizations.

tion:

Your request for an opinion on the following ques-

"Whether Examiners are authorized to examine
all insurance organizations whether licensed or
not?

"What procedure must be followed in order to
examine books and records of the Merchants &
Farmers Life Association of Waco, Texas?"

has been received by this office.

Article 4690b reads in part as follows:

"Such examiners and assistants shall, as
directed by the Chairman of the Board of In-
surance Commissioners, perform all the duties
relative to all examinations provided by Law
to be made by the Board of Insurance Commiss-
ioners of the State of Texas, and it is the
purpose of this Act to provide for the ex-
amination hereunder by the Chairman of the
Board of Insurance Commissioners of all cor-
porations, firms or persons engaged in the bus-
iness of writing insurance of any kind in this
State whether now subject to the supervision
of the Insurance Department or not."

Article 4690 provides in effect:

"That the Commissioner or Commissioner's
examiner shall have free access to all books

and papers of the company or agents thereof relating to the business and affairs of such company and shall have power to summon and examine under oath, the officers, agents and employees of such company and any other person within the State relative to the affairs of such company."

Section 5 of Article 4691 provides:

"He shall also have power to institute suits and prosecutions, either by the Attorney General or such other attorneys as the Attorney General may designate, for any violation of the law of this State relating to insurance. No action shall be brought or maintained by any person other than the commissioner for closing up the affairs or to enjoin, restrain or interfere with the prosecution of the business of any such insurance company organized under the laws of this State."

Article 4408 reads as follows:

"The Attorney General, unless otherwise expressly directed by law, whenever sufficient cause exists therefor shall seek a judicial forfeiture of the charters of private corporations. He shall at once take steps to seek such forfeiture in any case where satisfactory evidence is laid before him that any corporation receiving State aid has, by the non-performance of its charter conditions or any violation of its charter, or by any act or omission, mis-user or non-user, forfeited its charter or any rights thereunder."

Article 6253 provided:

"If any person shall usurp, intrude into or unlawfully hold or execute, or is now intruded into, or now unlawfully holds or excutes, any office or franchise, or any office in any corporation created by the authority of this State, or any public officer shall have done or suffered any act which by law works a forfeiture of his office, or any association of persons shall act within this State as a corporation without being legally incorporated, or any corporation does or omits any act

which amounts to a surrender or a forfeiture of its rights and privileges as such, or exercises power not conferred by law; or if any railroad company doing business in this State shall charge an extortionate rate for the transportation of any freight or passengers, or refuse to draw or carry the cars of any other railroad company over its lines as required by the laws of this State, the Attorney General, or district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, may present a petition to the district court of the proper county, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the State of Texas.  If such court or judge is satisfied that there is probably ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue."

Article 4682a reads as follows:

"All the powers, duties and prerogatives heretofore vested in or devolving upon the Commissioner of Insurance or the State Insurance Commission or any member thereof as now constituted by statute shall hereafter be had, enjoyed, and exercised by the Board of Insurance Commissioners as herein created.  The duties heretofore placed upon and the powers and privileges heretofore exercised by the State Fire Marshall are now to be placed upon and exercised and enjoyed by the Fire Insurance Commissioner."

Article 4682, Section 11 and 12 provides:

"11.  Shall suspend or revoke certificate.-- He shall suspend the entire business of any company of this State, and the business within this State of any other company, during its noncompliance with any provision of the laws relative to insurance, or when its business is being fraudulently conducted, by suspending or revoking the certificate granted by him.  He shall give notice thereof to the Insurance Commissioner or other similar officer of every State, and Shall publish notice thereof.  He shall give such company at least ten days notice in writing of his intention to suspend its right to do business or revoke the certificate of authority

granted by him, stating specifically the reason why he intends such action.

"12. Report to Attorney General.--He shall report promptly and in detail to the Attorney General any violation of law relative to insurance companies or the business of insurance."

Articles 4875a-2 reads as follows:

"Any person or persons desiring to organize a local mutual aid association to be operated upon the assessment as needed or similar plan shall be permitted to do so upon the terms and conditions hereinafter set forth. No person , firm or corporation shall hereafter operate in this State any sort of a locak mutual aid society or association paying a death benefit or other benefits and providing its fund by assessments as needed, except under the provisions hereof, or under other specific provisions of the laws of this State."

Articles 4875a-22 provides:

"The Board shall not revoke the right of any association to do business in this State except upon the judgement of a court of competent jurisdiction or upon the filing of Articles of dissolution by the members of said association or the officers for them or upon a statement being filed with said Board showing that said membership had been merged and taken over by another society or association."

Article 4875a-23 reads as follows:

"Any local mutual aid association now doing business in this State may avail itself of the provision of this Action by filing its articles of Incorporation, its constitution, by-laws and form of certificates with the Board of Insurance Commissioners of Texas, together with an application for authority to continue business as such, and if such documents, when submitted, are in conformity with the law, the Board shall file the same and issue certificates of authority. Such application must be made by associations now in existence not later than six months after effective date of this Act.

Any association which fails to take advantage of the provisions of this Act shall immediately begin winding up its affairs and shall dissolve itself not later than six months after the Act takes effect,"

Article 4875a-27 provides:

"If any association heretofore or hereafter doing a local mutual aid business as herein defined shall cease to operate, or shall fall below the requirements of this Act, or shall undertake to operate without a permit or certificate of authority, or shall fail or refuse to make the reports as and when herein required, or shall refuse to submit to examination or pay the cost thereof, or shall conduct its business in a fraudulent, illegal or dishonest manner, or shall violate any of the terms of this Act, shall, in addition to any other penalties imposed on it or on its members or officers, subject itself to forfeiture of its right to do business and to dissolution; and the Attorney General shall at the request of the Board of Insurance Commissioners file such suit as may be necessary to wind up the affairs of such association and if necessary have a receiver appointed for that purpose, the venue of all of which suits shall be laid in Travis County, Texas."

The case of State vs. Dilbeck, 297 SW 1049, holds among other things:

"The state has a vital interest in the illegal or unauthorized use of the franchise to exercise corporate rights, and we know of no authority which holds that the right to forfeit the charter which constitutes the only authority under which the corporation may act as such is not peculiarly a matter of state interest. The state alone may institute a proceeding for that purpose, and the authority of the Attorney General would clearly exist independent of statute, but he is given the express authority by articles 4408, 6253, R. S."

In view of the foregoing authorities, it is the opinion of this Department and you are respectfully advised that the insurance commissioner has authority to examine all corporations, firms or persons engaged in the business

of writing insurance of any kind in this State, whether now subject to the supervision of the Insurance Department or not, and upon the failure of any corporation, firm or person engaged in writing insurance of any kind to submit to any of the rules or regulations provided by law or shall violate any terms of the insurance law shall, in addition to other penalties imposed on it or its members or officers, subject itself to forfeiture of its right to do business and to dissolution and the Attorney General shall, at the request of the Board of Insurance Commissioners, file such suit as may be necessary to wind up the affairs of such association.

Trusting that the foregoing answers your inquiry, I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

/s/ Ardell William

Assistant

AW:AW

APPROVED:

/s/GERALD C. MANN
ATTORNEY GENERAL OF TEXAS